UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| CHRISTINA MILES, ) | |
| ) | |
| *Plaintiff*, ) | |
| ) | Case No. 1:23-cv-97 |
| v. ) | |
| ) | Judge Atchley |
| COMMISSIONER OF SOCIAL SECURITY ) | |
| ADMINISTRATION, ) | Magistrate Judge Wyrick |
| ) | |
| *Defendants*. ) | |

## MEMORANDUM OPINION AND ORDER

On December 14, 2023, Magistrate Judge Cynthia R. Wyrick filed her Report and Recommendation ("R&R") [Doc. 19], recommending the Court grant Defendant's Motion to Remand. [Doc. 14]. Plaintiff Christina Miles filed a timely Objection [Doc. 20] to the R&R that received a Response [Doc. 23] from Defendant. The Court has carefully considered Defendant's Motion and Response [Docs. 14 and 23], the R&R [Doc. 19], Plaintiffs' Objection [Doc. 20], and other materials in the record. The Court has reviewed *de novo* the portions of the R&R to which Plaintiff has properly objected. For reasons that follow, the R&R [Doc. 19] will be **ACCEPTED AND ADOPTED,** Defendant's Motion to Remand [Doc. 14] will be **GRANTED**, and this matter will be **REMANDED** to the Social Security Administration for further consideration.

### I.     FACTUAL BACKGROUND

The factual background in this case is set forth in Magistrate Judge Wyrick's R&R. [Doc. 19]. Briefly, Plaintiff Miles filed for Social Security disability benefits and Supplemental Security Income on September 28, 2020, alleging a disability onset date of March 30, 2019. [Doc. 19 at 1]. Her claims were denied initially and again on reconsideration. [*Id*.].

Subsequently, an Administrate Law Judge ("ALJ") determined that Plaintiff was not disabled. [*Id*. at 2]. Plaintiff was denied an Appeals Council review on January 9, 2023, rendering the ALJ's determination as the Commissioner's final decision. [*Id*.].

Plaintiff then petitioned this Court seeking a remand to award benefits [Doc. 12], accepting the factual findings of the ALJ, but disputing the legal conclusions drawn therein. [Doc. 12 at 4-5]. The Commissioner responded by filing the instant Motion for Remand [Doc. 14], stating that remand is necessary to further evaluate the matter rather than to award benefits. Plaintiff filed a Response in Opposition [Doc. 15] and the Magistrate Judge held a hearing on the matter before filing the R&R. [Doc. 19]. The R&R made clear that the root of the disagreement concerns whether there is ambiguity as to the Plaintiff's ability to satisfactorily complete a probationary period of employment, with Plaintiff claiming the testimony is not ambiguous, and she is disabled, while the Commissioner contends that it is unclear due to ambiguous vocational expert testimony. [Doc. 19 at 2-4]. The Magistrate Judge advised that a review of the factual record reveals an ambiguity in this regard and that this matter should be remanded for the ALJ to further address the issue of how many days Plaintiff would be expected to miss work due to medical appointments or illness, and to further address the question of whether Plaintiff could survive a probationary period of employment given the expected work absences. [Doc. 19].

Plaintiff filed an Objection to the R&R, specifically objecting in three ways: 1) arguing that there is no need for remand as there is no ambiguity on the question of whether Plaintiff could complete a probationary period of employment, 2) arguing that the Court should make a statement as to the law on probationary periods of employment, and 3) arguing more specifically about the lack of ambiguity in the vocational expert's oral testimony regarding probationary

2

periods of employment.[1] [Doc. 20 at 1-2]. The Commissioner responded disputing all of the objections and reasserting that this matter is ripe for remand to the ALJ for further determination. [Doc. 23]. Having reviewed the R&R, the briefing of the parties, and the record, the Court is prepared to rule.

## II. STANDARD OF REVIEW

When a pretrial matter is dispositive of a party's claim or defense, the district judge may refer the matter to the magistrate judge for a report and recommendation. Fed. R. Civ. P. 72(b)(1); *see* 28 U.S.C.A. § 636(b)(1)(B). The magistrate judge must recommend a disposition, including, if appropriate, proposed findings of fact. Fed. R. Civ. P. 72(b)(1). The district judge must then "determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see* 28 U.S.C.A. § 636(b)(1) ("A judge of the court shall make *a de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made."). The district judge may accept, reject, or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with further instructions. *Id.*

It is well-established that "[a] general objection, or one that merely restates the arguments previously presented is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *VanDiver v. Martin*, 304 F. Supp. 2d 934, 937 (E.D. Mich. 2004). In the absence of objection, the district court is not obligated to conduct a *de novo* review of a report and recommendation. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). Moreover,

---

[1] As explained below, Plaintiff's first and third objections are aimed at the same issue of evidentiary ambiguity and will be dealt with together.

"the district court need not provide *de novo* review where the objections are 'frivolous, conclusive, or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (*quoting Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). "The parties have 'the duty to pinpoint those portions of the magistrate's report that the district court must specially consider.'" *Id.*

Remand for further evaluation of a Social Security decision under sentence four of 42 U.S.C. § 405(g) is proper when further evaluation of the evidence is required. *See Brooks v. Comm'r of Soc. Sec.*, 531 F. App'x 636, 644 (6th Cir. 2013). However, a court may remand for an award of benefits when "essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994). The Sixth Circuit has further advised that "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Faucher*, 17 F.3d 176.

### III. ANALYSIS

The R&R concluded that the record supports a finding that there is strong, but not overwhelming, evidence of disability in this case. [Doc. 19 at 5]. Accordingly, remand for further resolution of essential factual issues is appropriate rather than remand for award of benefits. [*Id.*]. While Plaintiff claims three objections as outlined above, a closer review reveals that there are functionally only two objections – one as to the evidentiary and ambiguity issues surrounding Plaintiff's expected absences and probationary period survival ability, and one asking the Court to state the law on probationary periods of employment. [Doc. 20]. The Court will address each objection individually.

**Evidentiary Issues**

Plaintiff's two objections regarding the evidence in the record are essentially two bites at the same apple. Regarding the "first" objection, Plaintiff states, "[t]he first problem with the [R&R] is that it finds ambiguity in the Record on the pivotal factual issue where there isn't any…The Record is clear on the pivotal issue of [whether Plaintiff can complete a probationary period of employment]…The answer is 'no[.]'"[2] [Doc. 20 at 3-4]. Plaintiff's "third" objection argues that "there is no meaningful ambiguity in the vocational expert's testimony" regarding probationary periods of employment. [Doc. 20 at 11]. Ultimately, it is Plaintiff's contention that the record, alongside her residual functional capacity ("RFC"), establish that she could not survive a probationary period at a significant number of jobs in the national economy. [Doc. 20]. In her mind this is enough to establish a right to an award of benefits.

The Commissioner disagrees, arguing in support of the R&R that the full context of the vocational expert testimony in the record is subject to multiple interpretations and includes ambiguity as to whether a potential employee, such as Plaintiff, could survive a probationary period while needing time off for medical-related absences. [Doc. 23 at 2]. He points to expert testimony showing that a similarly situated petitioner could perform over 1 million jobs in the national economy. [Doc. 11 at 76-78]. He further points to expert testimony that absence policies during probationary periods generally "depend[] on the employer." [Doc. 11 at 83-84]. The R&R addressed this testimony, noting that the record supports the notion that while employers generally won't be "happy" about employees taking time off before accruing PTO during the probationary period, some might allow time off for medical appointments. [Doc. 19 at 10]. The Commissioner argues that the agency does not base its decisions on individual employment

---

[2] The Court notes that this conclusory statement about the clarity of the record on this point is not accompanied by any citation to the record.

5

practices from discrete employers as this presents an untenable hypothetical and runs contrary to the Code of Federal Regulations. *See* 20 C.F.R. § 404.1566 (stating that the agency will determine you are not disabled if your RFC and abilities make it possible for you to do work that exists in the national economy, but you remain unemployed because of "[t]he hiring practices of employers."). Accordingly, despite the impairments that Plaintiff faces in her working capacity, they assert that there is still ambiguity as to whether she has demonstrated proof of disability.

The Court has reviewed the record and arguments on this point and agrees with the Commissioner. The transcript shows that the vocational expert identified more than 1.1 million jobs in multiple occupations that someone with Plaintiff's RFC could perform. [Doc. 11 at 76-78]. The Commissioner makes a compelling argument in this regard - even if only 1% of that entire set of jobs were appropriate for Plaintiff, over 11,000 jobs in the national economy would remain for her to perform. [Doc. 23 at 3]. Sixth Circuit precedent supports considering that number of jobs as significant. *See Taskila v. Comm'r of Soc. Sec.*, 819 F.3d 902, 905 (6th Cir. 2016) (stating that 6,000 jobs nationwide easily fall within what courts have deemed significant); *Doran v. Comm'r of Soc. Sec.*, 467 F. App'x 446, 448 (6th Cir. 2012) (suggesting that jobs plainly exist in significant number where "thousands of these" jobs existed in the national economy). Accordingly, Plaintiff's objection on this point is denied. It would be improper for the Court to remand for benefits on this objection. There are unresolved factual issues present, precluding the record from totally establishing entitlement to benefits. Further, while the proof in support of disability is strong, as noted by the R&R, there is not a lack of evidence to the contrary as required by *Faucher*.

6

Case 1:23-cv-00097-CEA-CRW   Document 24   Filed 03/19/24   Page 6 of 7   PageID #: 1033

### The Law on Probationary Periods

Plaintiff's second objection involves her belief that the R&R should have announced what the law on probationary periods of employment is in this district. [Doc. 20 at 6]. Plaintiff argues that "regardless" of how the Court comes down on the issue of reversal or remand at hand, the Court "owes it to the disabled citizens in this District [to] announce [the specific rule on this hypothetical]." [Doc. 20 at 8]. Plaintiff is mistaken.

Plaintiff's emotional appeal is really an attempt to persuade the Court to state an advisory opinion on a hypothetical scenario that may arise in some future case. As the record *is ambiguous*, as explained above, with respect the vocational expert testimony and probationary periods of employment, such an opinion "regardless" of the outcome would be improper. The Court does not issue advisory opinions on matters not before it. The ambiguity in the record surrounding the vocational expert testimony on probationary periods requires further evaluation. As such, Plaintiff's objection and request for a pronouncement of law is denied.

### IV. CONCLUSION

As explained above, Plaintiff's objections are **DENIED**. The Court agrees with Magistrate Judge Wyrick's Report and Recommendation to **GRANT** Defendant's Motion to Remand. [Doc. 14]. Accordingly, the Court **ACCEPTS AND ADOPTS** Magistrate Judge Wyrick's Report and Recommendation. [Doc. 19]. This matter is hereby **REMANDED** for further consideration as outlined in the Report and Recommendation. [Doc. 19].

**SO ORDERED**.

*/s/ Charles E. Atchley, Jr.*
CHARLES E. ATCHLEY, JR.
UNITED STATES DISTRICT JUDGE