UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| CHRISTINA MILES, | ) |
| Plaintiff, | ) |
| v. | ) CIV. NO. 1:23-cv-00097-CEA-CRW |
| MARTIN O'MALLEY, Commissioner of Social Security, | ) |
| Defendant. | ) |

## REPORT AND RECOMMENDATION

This matter is before the undersigned pursuant to 28 U.S.C. § 636(b) and standing orders of the court. Plaintiff's counsel filed a Motion for Attorney Fees Under the Equal Access to Justice Act ("EAJA") [Doc. 25] on June 17, 2024. Subsequently, on July 10, 2024, the parties filed a Joint Stipulation for Attorney Fees Pursuant to the EAJA [Doc. 28] in which they agree that an award of attorney fees and expenses in the amount of $7,300.00[1] is appropriate and would serve to fully satisfy all claims Plaintiff has under the EAJA in this action.

After reviewing the record in conjunction with Plaintiff's motion and the parties' stipulation, the undersigned **RECOMMENDS** that the District Court **APPROVE** the parties' stipulation and **GRANT** Plaintiff an award of attorney fees pursuant to the EAJA in the amount of $7,300.00 in accordance with 28 U.S.C. § 2412(d). The undersigned further recommends that the District Court **ORDER** that, in accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset to satisfy any pre-existing debt the litigant may owe to the United States, and that, if Plaintiff owes no debt to the United

---

[1] Plaintiff's counsel expended 47 hours during the course of this litigation, resulting in an hourly rate of $155.32.

States, then the payment of EAJA fees can be made to Plaintiff's counsel to the extent that Plaintiff and Plaintiff's counsel have executed a valid fee assignment. [2]

RESPECTFULLY SUBMITTED,

/s/Cynthia Richardson Wyrick
United States Magistrate Judge

---

[2] Objections to this Report and Recommendation must be filed within 14 days after service of this recommended disposition on the objecting party. 28 U.S.C. 636(b)(1); Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Fed. R. Civ. P. 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).